*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0185**

In the Matter of the Application of
Arthur Senty-Haugen for a Name Change.

**Filed August 25, 2014
Affirmed
Hudson, Judge**

Carlton County District Court
File No. 09-CV-13-1660

Arthur Dale Senty-Haugen, Moose Lake, Minnesota (pro se appellant)

Thomas H. Pertler, Carlton County Attorney, Carlton, Minnesota (for respondent)

Considered and decided by Hudson, Presiding Judge; Stauber, Judge; and Kirk, Judge.

# U N P U B L I S H E D   O P I N I O N

**HUDSON**, Judge

On appeal from the denial of his application for a name change, appellant argues that the district court abused its discretion by denying the name change and concluding that his Iowa marriage license was invalid. Appellant also argues that the district court did not have jurisdiction over his name-change application and that the county attorney had a conflict of interest that affected the fairness of the proceedings. We affirm.

# FACTS

Appellant Arthur Senty-Haugen has been committed to the Minnesota Sex Offender Program (MSOP) at Moose Lake as a Sexually Dangerous Person (SDP) and Sexual Psychopathic Personality (SPP) since 1996. Appellant's partner, Brandon Benson, has also been committed there since 2008. In 2012, appellant and Benson allegedly were married by an officiant in Iowa. The two requested that MSOP recognize their marriage and change their names to their new legal married names. Appellant provided MSOP with an Iowa Certificate of Marriage that shows it was signed on May 21 by appellant and Benson, Reverend Sara E. Morse, and two witnesses who were MSOP patients. The certificate provides that both appellant and Benson would have the last name Senty Haugen Benson after marriage. It lists the location of the marriage as Des Moines, Iowa, but no off-grounds or out-of-state travel approval had ever been granted to appellant, Benson, or the two purported witnesses. A Minnesota Department of Human Services (DHS) investigation was conducted in association with the request, which concluded that the marriage was not valid because appellant, Benson, and the two witnesses were not physically in Des Moines, Iowa on May 21.

Appellant, relying on the same purported Certificate of Marriage, applied for a name change in Carlton County on August 16, 2013. Notices were sent to all jurisdictions where appellant had felony convictions. The Ramsey County Attorney submitted a letter stating that it did "not believe that it has the statutory authority to either approve or oppose" the name change based on the marriage documentation. Scott County and respondent Carlton County objected to the name change. A hearing was

held, and Carlton County argued that the name change would compromise public safety because appellant had outstanding criminal charges. The district court questioned the validity of the marriage because appellant and Benson were never actually present in Iowa and gave both parties time to submit briefs on the issue. In its brief, Carlton County again objected to the name change based on public-safety concerns and stated that it believed the marriage was invalid. Attached to the brief was a copy of the DHS investigation report. Appellant replied, claiming that the Carlton County attorney's office was representing MSOP and its interests rather than the county's interests. He also claimed that the DHS report was hearsay and should be suppressed. Finally, appellant argued that, because the state of Iowa has not invalidated the marriage certificate, it is a valid legal document that must be recognized under Minnesota law.

The district court concluded that the Iowa marriage certificate is fraudulent and that the marriage is not valid. In addition, the district court concluded that allowing appellant to change his name would compromise public safety due to his "criminal history and registration requirements." This appeal follows.

## D E C I S I O N

The district court's decision to deny an application for name change is reviewed for an abuse of discretion. *In re Welfare of C.M.G.*, 516 N.W.2d 555, 561 (Minn. App. 1994). Appellant argues that the district court "omitted the consideration that the [m]arriage was already legal in the State of Iowa and that the State of Iowa had not revoked, invalidated, or annulled th[e] [m]arriage." The district court found that the marriage certificate is fraudulent because appellant, Benson, and the two witnesses were

3

not present in Des Moines on the date claimed. The instructions issued with the certificate clearly state that the "License to Marry in Iowa is valid ONLY for marriage ceremonies solemnized within the boundaries of the State of Iowa" and that "[a]t a minimum, the parties to be married, the Officiant . . . , and two witnesses must be physically present. Marriage ceremonies are not valid by proxy, telephone, or other electronic means." Because appellant and Benson were not physically present, the marriage is not valid under Iowa law. Minnesota law only recognizes out-of-state marriages "that were valid at the time of the contract." Minn. Stat. § 517.20 (2012). Thus, there was no abuse of discretion in the district court's conclusion that appellant and Benson "do not have a valid marriage license which is admissible in Minnesota [c]ourts." Because the district court properly concluded the marriage was not valid, appellant's argument that the district court lacked jurisdiction over the name-change application because "Iowa law already allowed. . . [a]ppellant to change his name" also fails.

Appellant also argues that the district court improperly relied on the DHS investigation report to reach its conclusion that the marriage was invalid because the report was hearsay. Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." Minn. R. Evid. 801. Although the report may have contained hearsay, we conclude that any error by the district court in accepting the report was harmless. Appellant submitted a response to the report, in which he objected generally to its admission, but did not deny any of its contents. The district court questioned the validity of the marriage sua sponte during the hearing, and its order contains no mention of the report. Finally, appellant admitted at the hearing that he and

4

Benson were not present in Iowa for the marriage. Thus, the DHS report concluding that the marriage was invalid was corroborative of appellant's testimony and, therefore, its admission was harmless error. *See State v. DeRosier*, 695 N.W.2d 97, 106 (Minn. 2005) (concluding that hearsay statements that corroborated other testimony were harmless).

Next, appellant asserts that the district court improperly allowed MSOP to object to the name change even though MSOP is not a "prosecuting authority" with the privilege to object under Minn. Stat. § 259.13, subd. 1 (2012). We disagree. No MSOP employee testified at the name-change hearing, nor did MSOP submit any paperwork to the court noting an objection to the name change. Appellant also argues that there is a conflict of interest involving the Carlton County attorney's office because it contracts with MSOP to provide legal services for "the prosecution of criminal activity involving patients" in MSOP. Appellant argues that the county "had the statutory right to object if they believed the name change would compromise public safety," but that instead, the county submitted the DHS investigative report that was originally prepared for MSOP. Appellant's argument fails because the county's objections to the name change were focused solely on public-safety concerns related to appellant's pending criminal charges. There is nothing in the record that indicates that the county or the district court was improperly persuaded by the DHS report or MSOP.

Finally, we note that the district court denied the name change because it would "compromise public safety." The district court noted that appellant had past offenses involving theft and fraud and was currently facing charges of identity theft and credit-card fraud. The district court concluded that a name change would "make it more

5

difficult for law enforcement, as well as creditors, financial institutions, and other past victims to receive restitution and other court judgments in their favor." Appellant does not dispute this finding on appeal. The district court did not abuse its discretion by concluding that the Iowa marriage was invalid or by denying appellant's application for a name change based on public-safety considerations.

**Affirmed.**